**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gabriel James Whitetail,<br><br>    Petitioner,<br><br>v.<br><br>United States of America, et al.,<br><br>    Respondents. | No. CV-16-00081-TUC-CKJ (DTF)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Gabriel James Whitetail ("Petitioner"), presently incarcerated at the Federal Corrections Institute, Safford, Arizona, has filed an amended petition for a writ of habeas corpus under § 2241. *See* Doc. 3. Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for Report and Recommendation. Before the Court are the amended petition ("Petition") [Doc. 3], Respondent's answer to the amended petition ("Response") [Doc. 11], and Petitioner's reply in support of his amended petition ("Reply") [Doc. 15]. As more fully set forth below, the Magistrate Judge recommends that the District Court, after its independent review of the record, dismiss the Petition.

**Background**

Relevant here, on December 9, 2014, Petitioner was sentenced to serve an 18-month term of imprisonment for his violation of supervised release in CR-97-00201-SMM. *See* 3:97-cr-00201-SMM at Doc. 86. On October 5, 2015, Petitioner was sentenced to serve a 15-month term of imprisonment for his failure to register as a convicted sex offender in CR-14-01587-001-PHX-SMM. *See* 2:14-cr-01587-SMM at

Doc. 31. The Bureau of Prisons awarded Petitioner 56 days of prior custody credit for the period from October 14, 2014, through December 8, 2014. *See* Doc. 11-1 at ¶ 17 and Ex. 9 at p. 3. The remainder of Petitioner's 18-month sentence was then aggregated with his 15-month sentence and computed to be an aggregated 24-month and 27-day sentence, commencing on December 9, 2014, the earlier of the two sentences. *Id*. at ¶¶ 4, 16.

The Bureau of Prisons ("BOP") calculated Petitioner's Good Conduct Time as beginning on October 14, 2014, the date of his arrest. *Id*. at ¶ 18. After the completion of one (1) year of incarceration Petitioner received 54 days of Good Conduct Time credit. *Id*. Petitioner is projected to receive a total of 97 days of Good Conduct Time, resulting in release date of August 4, 2016. *Id*. Petitioner's Full Term Release date would be November 9, 2016. *Id*.

Petitioner raises one ground for relief. Petitioner states that he is serving time in excess of the court's order at sentencing CR-14-01587-PHX-SMM and seeks an additional 60 days of Good Conduct Time credit. *See* Doc. 3.

**Discussion**

*Exhaustion of Administrative Remedies*

Respondent contends that the Petition should be dismissed as Petitioner failed to exhaust administrative remedies prior to filing the pending Petition. In his Reply, Petitioner argues that exhaustion should be excused because it would be futile. Because exhaustion is not jurisdictional and, as more fully set forth below, because the Petition is without merit, the Court will review Petitioner's claim despite Petitioner's failure to exhaust. *See Parsons v. Sanders*, 2010 WL 5676523, at *1 (D. Ariz. 2010) (court need not address exhaustion where claim is without merit)*; Achter v. Apker*, 2012 WL 2029943, at *4 (D. Ariz. 2012) ("Although the Court does not condone Petitioner's bypass of the administrative exhaustion requirements, given the time concerns at issue, the Court will review Petitioner's claims despite Petitioner's failure to exhaust.")

*Calculation of Good Time Credits*

The Attorney General, through the BOP, is responsible for computing sentences of

federal offenders. *See* 18 U.S.C. § 3585(a) (2006); *United States v. Wilson*, 503 U.S. 329, 335 (1992). Petitioner acknowledges the holding in *Wilson*. *See* Doc. 15 at p. 3, ll. 25. However, Petitioner argues that "in order to effectuate Judge McNamee's intentions [at sentencing], Petitioner's request for at least an additional sixty days of credit should be granted." *Id.* at p. 3, ll. 11-12. Referring to statements made by Judge McNamee at sentencing in CR-14-01587-PHX-SMM, Petitioner argues that Judge McNamee intended that Petitioner only serve "a little bit of extra time." *See* Doc. 15 at 3, ll. 9. Petitioner's latching on to the "a little bit of extra time" phrase made by Judge McNamee overlooks the import of Judge McNamee's entire statement wherein he states,

> So with that in mind - - and here is what I'm going to do. Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that you, Mr. Whitetail, are committed to the Bureau of Prisons for a term of 15 month to be served concurrently to 97-00201. That's the supervised release. So that means that you will serve approximately 12 months on this charge. And while it will overlap by about a year, it's not consecutive to where it would have been 24 months consecutive. You'll serve a little bit of extra time. You can still get good time credits and so on and so forth.

*See* Doc. 15-1 at p. 29-30, ll. 17-1. The Court finds no merit to Petitioner's argument that his sentence should be reduced by an additional 60 days in order to effectuate the alleged intent of Judge McNamee at sentencing.

*Downward Departure Under U.S.S.G. § 5G1.3*

Petitioner's argument that the relief he requests should be considered equivalent to a permissible sentencing adjustment under U.S.S.G. § 5G1.3[1] is equally unavailing. While it is true that U.S.S.G. § 5G1.3, in certain circumstances, authorizes the district court to order a "downward departure" to account for prior time served, Application Note 4 to subpart (d) provides, in relevant part,

> [t]o avoid confusion with the Bureau of Prison's exclusive authority provided under 18 U.S.C. § 3585(b) to grant credit for time served under certain circumstances, the Commission recommends that any downward

---

[1] Petitioner fails to cite to any specific subsection of U.S.S.G. § 5G1.3.

departure under this application note be clearly stated on the Judgment in a Criminal Case Order as a downward departure … rather than as a credit for time served.

*See* U.S.S.G. § 5G1.3(d), Application Note 4. Here, the judgment in CR-14-01587-PHX-SMM reads, in relevant part,

> **IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **FIFTEEN (15) MONTHS** on Court 1, with credit for time served. This sentence shall run concurrently with the disposition imposed in CR-97-0201-01-PCT-SMM.

*See* 2:14-cr-01587-SMM at Doc. 31. (Emphasis in original.) Wholly absent from the judgment is any language concerning a downward departure. The Court finds no merit with Petitioner's argument that his request for an additional 60 days of Good Time Credit should be treated as a downward departure under § 5G1.3 of the Sentencing Guidelines.

**Recommendation**

Based upon the foregoing, the Magistrate Judge recommends that the District Court, after its independent review of the record, dismiss the Petition [Doc. 3]. Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Any objections filed should be captioned with the following case number: **CV-16-81-TUC-CKJ**.

Dated this 3rd day of August, 2016.

D. Thomas Ferraro
United States Magistrate Judge