IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel James Whitetail,<br>            Petitioner,<br>v.<br>United States of America, et al.,<br>            Respondents. | No. CV-16-00081-TUC-CKJ<br>**ORDER** |

      On February 19, 2016, Petitioner Gabriel James Whitetail, who was confined in the Federal Correctional Institution-Safford, filed an Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody.  (Doc. 3.)  Petitioner seeks "at least 60 days of good time credit."  (*Id.*)  On August 3, 2016, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation (R & R) recommending that the Amended Petition be dismissed.  (Doc. 17.)  The R & R advised the parties that pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the R & R.

      No objections have been filed.  More importantly, review of the Federal Bureau of Prisons' inmate locator shows that Petitioner was released on August 4, 2016. *See* http://www.bop.gov/inmateloc.  Because Petitioner has now been released from custody, it appears his Petition no longer meets the "case-or-controversy" requirement under Article III, § 2, of the United States Constitution.  The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . The parties must

continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998), *quoting Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). "An incarcerated convict's . . . challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration, (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. But once a convict's sentence has ended, some continuing injury other than the now-expired term of incarceration, or collateral consequence of the conviction, must exist to maintain the suit. *Id*. Mootness is a jurisdictional issue, and "federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (quoting *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 989 (9th Cir. 1999) (internal quotation marks omitted)). If there is no longer any possibility that relief can be obtained for a claim, that claim is moot and must be dismissed for lack of jurisdiction. *See id*.

Although the Supreme Court has presumed that "a wrongful criminal conviction has continuing collateral consequences," *Spencer*, 523 U.S. at 8, in this case, Petitioner does not challenge the validity of his underlying conviction. Rather, he raises only claims relating to the terms of his sentence. As Petitioner has now been released, the Amended Petition is moot and will be dismissed.

IT IS ORDERED:

(1) The Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 3) is **dismissed as moot**.

(2) The Report and Recommendation (Doc. 17) is **dismissed as moot**.

Dated this 1st day of September, 2016.

Honorable Cindy K. Jorgenson
United States District Judge